UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MONA MENARD

v.                                           CASE NO.  3:09CV 1165 (VLB)

BENJAMIN MORRIS                              December 7, 2009

### MEMORANDUM SUPPORTING PLAINTIFF'S MOTION TO COMPEL

In this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, the plaintiff alleges that defendant violated the Act inter alia, by a collection letter falsely stating that his client CUDA had purchased plaintiff's account when the purchase did not take place until later, and otherwise violating § 1692e, -f(1), or –g.[1]

**Interrogatories 1-2**

1.      State the date of all communications with Unifund concerning CUDA's purchase of plaintiff's account.

**Objection: Defendants [sic] object to this interrogatory on the basis that it is vague, overbroad, unduly burdensome, and not calculated to lead to any discovery of admissible evidence. Initially, defendant is unaware of the existence of an entity named "Unifund", there are numerous legal entities that contain the name Unifund, including "Unifund CCR Partners"**


 **and "Unifund Portfolio A. LLC"  Therefore, as written, the request is vague.**

**Moreover the request for the date of "all communications" between defendant and Unifund is overbroad and not calculated to lead to the discovery of admissible evidence. Finally, this is an action against Ben Morris, <u>individually,</u> not CUDA & Associates, LLC. To the extent the plaintiff wishes to discover evidence of communications between CUDA and any Unifund entity, the plaintiff must issue a third party subpoena directed towards CUDA and/or Unifund.**

 **DISCUSSION: Since this request relates only to the purchase of plaintiff's account, defendant surely knows which Unifund entities he dealt with, and can readily provide the dates, even in the unlikely event that he does not know the name of the entities.**

 **Boilerplate, unsubstantiated objections are invalid. "[T]he mere statement by a party that [an] interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection to an interrogatory." <u>Josephs v. Harris Corp</u>., 677 F.2d 985, 992 (3d Cir. 1982); <u>Obiajulu v. City of Rochester</u>, 166 F.R.D. 293, 295 (W.D.N.Y. 1966) (boilerplate objections inconsistent with federal rules); <u>Burns v. Imagine Films Entertainment, Inc.</u>, 164 F.R.D. 589, 593-94 (W.D.N.Y. 1966) (blanket objections are insufficient).**

 **A burdensome objection "must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or**

---

[1] **The Court may not consider the merits of the action in ruling on discovery disputes. <u>Garland v. Torres</u>, 259 F. 2d 545, 550-51 (2d Cir. 1958).**

offering evidence which reveals the nature of the burden." <u>Chubb Integrated Systems v. Nat'l Bank of Washington,</u> 103 F.R.D. 52, 59-60 (D.D.C. 1984). Defendant's objection is specious and evasive. Response should be ordered.

    2.    Identify the parties to each such communication.

**Objection: See Objection to Interrogatory No.1.**

**DISCUSSION:** Since the request relates only to the purchase of plaintiff's account, defendant can easily identify the parties with whom he dealt.  (See Discussion of No. 1, above).

<u>Interrogatories 3-8</u>

    3.    Identify all owners of of CUDA.

    4.    Identify all employees of CUDA.

    5.    Identify all officers and directors of CUDA

    6.    Identify all owners of Lienfactors.

    7.    Identify all employees of Lienfactors.

    8.    Identify all officers and directors of Lienfactors.

**OBJECTION TO 3-8:** The Identify of CUDA's owners is irrelevant to the claims and defenses to this action and not likely to lead to the discovery of admissible evidence as this is solely an action against Benjamin Morris for purported violations of the Fair Debt Collection Practices Act. There is no action or claim alleged against CUDA or Lienfactors in this case. Therefore,

the identity of CUDA's or Lienfactors' employees, owners, directors, etc. has no relevance to the claim that Benjamin Morris individually and/or attorney committed violations of the Fair Debt Collection Practices Act.

**DISCUSSION:** We believe the entities are alter egos for this defendant, and that he has control over their actions. Accordingly, he would be individually responsible for their wrongful collection activities, irrespective of whether they are also liable. Also, the persons so identified are expected to be witnesses/participants to the events of this case. Plaintiff cannot be expected to rely on defendant's assertion to determine whether these people have some information relevant to the claim of Morris's activities at issue.

### Interrogatories 9-10

9.      State the present or last known business and home address, telephone number, and employer of Donna Garamella.

10.     State the present or last known business and home address, telephone number, and employer of Tiffany Johnson.

**Objection:** defendant objects to this interrogatory to the extent it seeks the personal address of the respondent [sic] as said information is notn-material to this action and is not likely to lead to the discovery of admissible information. [Defendant provided then-business addresses.]

**DISCUSSION:** D. Conn. L. Civ. Rule 26 requires defendant to provide this information; defendant has agreed to do so, but will not commit to a time frame. He should provide the information without further delay, and

update it as well since the address provided is out of date. Cases compelling disclosure of this information include <u>Thurby v. Encore Receivable Mgmt</u>., 251 F.R.D. 620 (D. Colo. 2008);  <u>Fausto v. Credigy Servs. Corp</u>., 251 F.R.D. 427, 429  (N.D.Cal. 2008); <u>Viveros v. Nationwide Janitorial Ass'n, Inc.</u>, 200 F.R.D. 681, 682 (N.D.Ga. 2000).

**<u>Interrogatories 12-13</u>**

**12.     State all your relationships with Lienfactors (officer, director, counsel, employee, independent contractor, etc.)**

**13.      State all your relationships with CUDA (officer, director, counsel, employee, independent contractor, etc.)**

**Objection: Defendant Benjamin Morris' relationship with CUDA/Lienfactors is irrelevant to the claims and defenses to this action and not likely to lead admissible evidence [sic] as this is an action against Benjamin Morris for purported violations of the Fair Debt Collection Practices Act. Notwithstanding and subject to the foregoing objection, Ben Morris is the managing member of CUDA & Associates, LLC.**

**DISCUSSION: Since defendant was acting on behalf of CUDA, and later Lienfactors, he was at least their counsel. We believe the entities have no employees. Accordingly, defendant would be individually responsible for their wrongful collection activities. In addition, defendant's actions were allegedly in an entrepreneurial capacity, so that his relationship with the entities is central to plaintiff's claims.**

**INTERROGATORY 16.**

      16. Identify Evan Fitzgerald.

Objections: Defendant objects to this Interrogatory to the extent it seeks the personal address of the respondent [sic] as said information is non-material to this action and is not likely to lead to the discovery of admissible information.

      DISCUSSION: Mr. Fitzgerald signed a document in the state court case. We expect he will be a witness.

**Production 2**

      2.    All documents concerning the negotiations with Unifund concerning the purchase of plaintiff's account.

      Objection: Defendants [sic] object to this interrogatory on the basis that it is vague, overbroad, unduly burdensome, and not calculated to lead to any discovery of admissible evidence. Initially, defendant is unaware of the existence of an entity named "Unifund", there are numerous legal entities that contain the name Unifund, including, "Unifund CCR Partners" and "Unifund Portfolio A. LLC"  Therefore, as written, the request is vague. Finally, this is an action against Ben Morris, individually, not CUDA &

Associates, LLC. To the extent the plaintiff wishes to discover evidence of communications between CUDA and any Unifund entity, the plaintiff must issue a third party subpoena directed towards CUDA and/or Unifund.

DISCUSSION: Since the request relates only to the purchase of plaintiff's account, it is not vague. Defendant can readily provide the documents and should be ordered to do so.

Production 3

3. All documents concerning your investigation of plaintiff's account prior to August 28, 2008.

Objection: Defendants [sic] object to this request on the basis that it is vague, overbroad, unduly burdensome, and not calculated to lead to any discovery of admissible evidence.

DISCUSSION: The boilerplate objection is ineffectual, as discussed above. Undoubtedly defendant did some "due diligence" before the date of the purchase of plaintiff's account. If he did not, it is easy to say "none." If he did, we expect that he got account statements and other documentation to show he knew of the consumer use of the account.

Production 4

4. All time records concerning your activities on plaintiff's account.

**Objection: Defendants [sic] object to this request on the basis that it is vague, overbroad, unduly burdensome, and not calculated to lead to any discovery of admissible evidence.**

**DISCUSSION: One of the suspected violations of § 1692e(2) and § 1692f(1) is defendant's excessive form fee affidavit. No one could incur 6 hours on one state court default, much less the dozens or hundreds of state court defaults in which an identical fee application was submitted! There are usually internal collection records that would show who worked the account on what dates. Defendant should be required to respond.**

Production 5

5. All agreements with Evan Fitzgerald.

Objection: Defendants [sic] object to this request on the basis that it is vague, overbroad, unduly burdensome, and not calculated to lead to any discovery of admissible evidence.

DISCUSSION: Boilerplate objections are ineffectual. Mr. Ftizgerald signed at least one of the documents in the underlying state case. We need to know his authority to do so.

Production 6-9

5. All retainer documents with CUDA

6. All retainer documents with Lienfactors.

7. All invoices sent to CUDA regarding plaintiff's account.

8.     All invoices sent to Lienfactors regarding plaintiff's account.

**Objection:** The disclosure of any retainer between Benjamin Morris and CUDA, if any, is irrelevant to the claims and defenses to this action and not likely to lead to the discovery of admissible evidence as this is solely an action against Benjamin Morris for purported violations of the Fair Debt Collection Practices Act. There is no action or claim alleged against CUDA or Lienfactors in this case. Therefore the identity of CUDA's or Lienfactors' employees, owners, directors, etc. has not relevance to the claim that Benjamin Morris individually and/or attorney committed violations of the Fair Debt Collections [sic] Practices Act.

**DISCUSSION:** Defendant purports to have been representing these entities, and no doubt billing them for the representation. We have limited Nos. 5 and 6 to documents that cover the representation as to plaintiff. The scope of the representation/ authorization, and defendant's knowledge as to plaintiff or his account should be revealed by the retainer agreements – if any. If there are none, it will show the identity of defendant with his "client" as well as the entrepreneurial nature of the defendant's acts.

**Production 11**

11.     All manuals, procedures, training materials, and protocols used during 2008-2009 by defendant to comply with the Fair Debt Collection Practices Act with regard to collecting on purchased accounts.

**Objection:** Defendants [sic] object to this request on the basis that it

is vague, overbroad, unduly burdensome, and not calculated to lead to any discovery of admissible evidence.

DISCUSSION: Since defendant asserted a bona fide error defense, this narrow request will plainly lead to the discovery of admissible evidence. The boilerplate objections are ineffectual, as discussed above.

**Production 12-13**

12.     All Lienfactors franchise information provided to actual or potential franchise investors.

12.     All service mark filings, trade name filings, and corporate filings for CUDA

13.     All service mark filings, trade name filings, and corporate filings for Lienfactors.

Response to 11-13: See response to Request No. 5

DISCUSSION: Plaintiff believes the documents will constitute admissions against interest as to the collection practices at issue in this case. In addition, they may show that defendant is the alter ego of the entities, personally responsible for all their collection activities as a participant. The documents will also show the entrepreneurial nature of the defendant's activities. The boilerplate objection is ineffectual.

**Production 15**

15.     All documents which support each of your affirmative defenses.

**Response: Objection.** Defendant has not yet filed an Answer and Defenses, Affirmative or Special. Further, defendants [sic] object to this request on the basis that it is vague, overbroad, undly burdensome, and not calculated to lead to any discovery of admissible evidende.

DISCUSSION: Defendant has now filed an answer, but provided no documents. If defendant does not respond to this Request, the Court should dismiss any affirmative defenses with prejudice.

**Production 16-18**

16. All 1099s, K-1s or other tax documents showing your relationship with CUDA (you may redact dollar amounts and SSNs)

17. All 1099s, K-1s or other tax documents showing your relationship with Lienfactors (you may redact dollar amounts and SSNs)

18. All 1099s or other tax documents showing your relationship with Evan Fitzgerald (you may redact dollar amounts and SSNs).

Response to 16-18: See response to Request No. 5.

DISCUSSION: The boilerplate objection is ineffectual. Plaintiff has alleged the entrepreneurial nature of defendant's activities and is entitled to discovery relating thereto.

**Production 19**

17.    All fee affidavits filed in every case in which you estimated that

approximately six hours had been expended on the matter.

**Objection:** Defendants [sic] object to this request on the basis that it is vague, overbroad, unduly burdensome, and not calculated to lead to any discovery of admissible evidence. Defendant's conduct on unrelated matters on issues not raised in this case is irrelevant as the sole issue in this case iw whether Benjamin Morris violated the Fair Debt Collection Practices Act. As such, the request is overbroad and not calculated to lead to the discovery of admissible information.

**DISCUSSION:** One of the suspected violations of § 1692e(2) and § 1692f(1) is defendant's excessive form fee affidavit. No one could incur 6 hours on one state court default, much less the dozens or hundreds of state court defaults in which an identical fee application was submitted! Padding time records is a serious violation of the FDCPA.

Debt padding is one of the more frequent attorney violations of the FDCPA, one which adversely affects consumers' pocketbooks. E.g., <u>Dutton v. Wolhar</u>, 809 F. Supp. 1130, 1140 (D. Del. 1992), aff'd sub nom. <u>Dutton v. Wolpoff & Abramson</u>, 5 F.3d 649 (3d Cir. 1993) (attorney sought costs prohibited by law); <u>Crossley v. Lieberman</u>, 868 F.2d 566, 571 (3d Cir. 1989) (attorney demanded payment of costs not incurred); <u>Martinez v. Albuquerque Collection Serv., Inc</u>. 1994 WL 622231 (D.N.M. Oct. 14, 1994) (collection agency's default judgment illegally included excess charges for taxes, attorney's fees and interest); <u>Strange v. Wexler</u>, 796 F. Supp. 1117, 1120 (N.D. Ill 1992) (attorney added attorney's fees illegally); <u>Cacace v.</u>

**Lucas**, 775 F. Supp. 502, 505 (D. Conn. 1990) (attorney demanded more than double amount due).

**Production 20-22**

20. All documents concerning the title search on plaintiff's property.

21. All documents filed in court by Lienfactors in plaintiff's matter.

22. All documents filed in court by CUDA in plaintiff's matter.

**Response to all:** See objection to Request No. 5.

**Additional response to Nos. 21, 22:** Further, CUDA/Lienfactors is not a party to this action and any documents filed in Court are public record and readily available to plaintiff.

**DISCUSSION:** Defendant signed the documents and has them in his possession or control. There is no reason to burden plaintiff with the expense of obtaining a copy of court records from the Stamford Superior Court. Since defendant took all the acts in question, he is liable for what he did whether CUDA/Lienfactors is a party or not.

## CONCLUSION

Plaintiff's motion to compel discovery should be granted in all respects.

                                      THE PLAINTIFF

                                      By:__/s/ Joanne S. Faulkner__
                                          Joanne S. Faulkner ct 04137
                                          123 Avon Street

                                        New Haven, CT 06511
                                        (203) 772-0395

**Certificate of Service**

**I hereby certify that on December 7, 2009, a copy of within was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.**

                                      ____/s/ Joanne S. Faulkner___
                                      JOANNE S. FAULKNER ct04137