UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MONA MENARD

v.                                        CASE NO.  3:09CV 1165 (VLB)

BENJAMIN MORRIS                                   September 22, 2010

FEE AFFIDAVIT

Joanne S. Faulkner states:

1.   I am an attorney with a nationwide federal practice, licensed in the United  States Supreme Court, the Second, Fourth, Fifth, Sixth,  Seventh and Tenth  Circuit  Courts  of  Appeals,  the  United  States District  Courts  for the District of Connecticut  and  the Southern  and  Eastern  Districts  of  New  York, and  Connecticut state courts.

2.   I  represent  the prevailing plaintiff and  submit   this affidavit in support of a request for attorneys fees.  Blum v. Stenson, 465 U.S. 886 n.5 (1984).

3.   I was admitted to practice in New York in 1963, and in  Connecticut in 1967.  From 1967 to 1985, I  was  a staff attorney with New Haven Legal Assistance Association, Inc.,  a nonprofit corporation.  I am in private  practice, restricted  to  consumer-related  matters,  preferably  for persons who cannot afford to pay a lawyer.

4.   I have been involved in groundbreaking  nationally reported  cases, including Heintz v. Jenkins, 514 U.S.  291 (1995);  Connecticut v. Doehr, 501 U.S. 1 (1991); Nelson v. Chase Manhattan Mortgage Corp., 282 F.3d 1057 (9th Cir. 2002); Romea v. Heiberger & Assoc., 163 F.3d  111 (2d Cir. 1998); Bass  v. Stolper,

<u>Koritzinsky, Brewster & Neider, S.C.</u>, 111 F.3d 1322 (7th Cir. 1997); <u>Charles v. Lundgren & Associates, P.C.</u>, 119 F.3d 739 (9th Cir. 1997); <u>Newman v. Boehm, Pearlstein & Bright, Limited</u>, 119 F.3d 477 (7th Cir. 1997); <u>Poirier v. Alco Collections, Inc.</u>, 107 F.3d 347 (5th Cir. 1997); <u>Avila v. Rubin</u>, 84 F.3d 222 (7th Cir. 1996); <u>Bentley v. Great Lakes Collection Bureau, Inc.</u>, 6 F.3d 60, 62 (2d Cir. 1993); <u>Clomon v. Jackson</u>, 988 F.2d 1314, 1321 (2d Cir. 1993).

5. I have had extensive experience for more than thirty five years in consumer matters, including litigation, conducting seminars and writing articles. Well before <u>Heintz v. Jenkins</u>, 514 U.S. 291 (1995), I had national renown for my expertise in consumer cases. I am frequently consulted by, and mentor, consumer practitioners from all over the country. In October, 2002, I received the prestigious Vern Countryman Award from the National Consumer Law Center "for excellence and dedication in the practice of consumer law on behalf of low-income consumers." http://www.consumerlaw.org/award/faulkner.shtml

6. I am a past chair of the Consumer Law Section of the Connecticut Bar Association and was the editor of its newsletter for over ten years until 1998. I was a member of the Federal Reserve Board's Consumer Advisory Council. I was on the Board of Directors of the National Consumer Law Center and am presently a trustee thereof. I am a founding member of the National Association of Consumer Advocates, Inc.

7. I have lectured for the Connecticut Bar Association, the National Consumer Law Center, the National Association of Consumer Advocates, the

New Haven County Bar Association,  and  other entities  on consumer laws, and

have published articles  in those  fields.  I have been a contributing editor of the

National Consumer Law Center's Truth in Lending Manual, Automobile Fraud

Manual, Credit Discrimination Manual, Fair Credit Reporting Act  Manual, Fair

Debt Collection Manual, and  supplements.  I served  the  Connecticut Law

Revision  Commission  as  a member of the Advisory Committee on UCC Article

2A, and  on a Consumer Leasing Committee. I have testified before Congress and

the Federal Trade Commission on consumer issues.

    8.   My work in connection with this case is shown  on the  schedule

attached hereto.  I  prepared  time  records contemporaneously  with performance

of the work.  The  time records do not duplicate work performed in any other  file;

they  do  not  include non-legal tasks such  as  filing  or copying, minor calls,

calls from or to client to report on progress.

    9.  Not even a handful of Connecticut  attorneys  are willing  to  accept

consumer cases because of  the  special expertise required and the risk of

nonpayment.

    10. I  am requesting attorney's fees at the  rate  of $350  per  hour.  I believe

that the  award  requested  is reasonable,  and  is under the lowest current market

rate in the community of my peers for federal litigation. The rate was awarded me

in Jones v. Regent Assent Management Solutions, Inc., Civil No. 3:10cv 262 (CSH)

(D. Conn. June 25, 2010);  Ellis v. Solomon & Solomon P.C., Civil No. 3:05CV1623

(D. Conn. Oct. 20, 2009); DiChiara v. Pelsinger, Civil No. 3:08cv1038 (CSH) (D.

Conn. June 10, 2009); Carter v. Reiner, Reiner & Bendett, P.C., Civil No.

3:06CV988 (AWT) (D. Conn. Aug. 28, 2008) (including travel time); <u>Register v. Reiner, Reiner & Bendett, P.C.</u>, Civil No. 3:06CV987 (JCH) (D. Conn. Oct. 19, 2007) Doc. No. 115;  <u>Cooper v Ellis Crosby & Assoc, Inc.</u>, Civil No. 3:05CV 1467 (MRK) (D. Conn. May 4, 2007) Doc. No. 45;  <u>St. Denis v. New Horizon Credit, Inc.</u>, Civil No. 3:05CV 1952 (JBA) (D. Conn. July 12, 2006); <u>Moore v. Sank</u>, Civil No. 3:03CV801 (CFD) (D. Conn. June 2, 2006); <u>Sylvia v. Ellis, Crosby & Associates, Inc</u>, Civil No. 3:05CV 1468 (JCH) (D. Conn. Dec. 12, 2005); <u>Petrolito v. Arrow Financial Services</u>, Civil No. 3:02cv484 (JCH) (Doc. No. 148) (D. Conn. July 28, 2005). In <u>Nelson, </u><i>supra</i>, the client paid for my services at $500 per hour. I have been awarded fees at $300 per hour for several years, e.g.,  in <u>Goins v. JBC & Associates, P.C.</u>, 2006 WL 540332 (D.Conn. March 06, 2006); <u>Cashman v. Ricigliano</u>, Civil No. 3:02CV1423 (MRK) (D. Conn. Apr. 29, 2005);  <u>Johnson v. Consumer Education Services, Inc</u>., Civil No. 3:03CV 1115 (AWT) (D. Conn. Feb. 7, 2005); <u>Pabon v Recko,</u> Civil No. 3:00CV 380 (DJS)(TPS) (D. Conn. Dec. 30, 2004) Doc. No. 171; <u>Murphy v Kwiatek</u>, Civil No. 3:03cv173 (MRK) (WIG) (D. Conn. Oct. 5, 2004) Doc. Nos. 15, 17;  <u>Nickerson  v. J&P  Credit Services</u>, Civil No. 3:99CV1876 (DJS) (TPS) (D. Conn.  Mar. 29, 2000) ($275 per hour granted  as  requested with  finding  that $275 "is substantially less  than  that normally  commanded by Ms. Faulkner").

11.  The  Second  Circuit commented  favorably  on  my experience, reputation  and  ability,  noting  the  "eight federal  district  court cases in Connecticut in  1993  and 1994 alone" in which Mrs. Faulkner had been awarded fees at $200 per hour. <u>Orchano v. Advanced Recovery, Inc.</u>, 107 F.3d 94, 100 (2d Cir. 1997).

12.  Compare rates awarded to John Williams (attorney with law 1984 law degree): Muhammed v. Martoccio,, Civil No. 3:06cv1137 (WWE) (D. Conn. Sept. 13, 2010) ($500 per hour); Charter Communications v Rodriguez, Civil No. 3:05CV1001 (WWE) (D. Conn. Apr. 7, 2006) ($350 per hour for work in 2004 and $360 for 2005); Galazo v. Pieksza, 2006 U.S. Dist. LEXIS 1697, 8-9 (D. Conn. 2006) ($350 per hour); Doe v. East Haven Bd. of Ed., Civil No. 3:02CV780 (CFD) (D. Conn. Mar. 31, 2006)  ($350 per hour).  In the consumer field, $325 /hour was awarded to Daniel Blinn, who has practiced consumer law many fewer years than I, and whom I mentor. Powell v. Harriott, Civil No. 05cv1811 (JBA), 2006 U.S. Dist. LEXIS 59857 (D. Conn. Aug. 14, 2006). See also Sony Electronics v. Soundview Technologies, Inc., 398 F. Supp. 2d 443, 448 (D. Conn. 2005) (awarding $400 per hour to attorney with 30 years' experience, and $325 per hour to attorney with nine years' experience); M.K. v. Sergi, Civil No. 3:96cv482 (D. Conn. Sept 25, 2008) ($375 / hour, surveying rates at slip op. 3-5, Doc. No. 329); Bristol Tech., Inc. v. Microsoft Corp., 127 F. Supp. 2d 64, 76 & n.15 (D. Conn. 2000) (finding that $375 per hour was "an appropriate rate for a trial lawyer with almost 30 years experience in complex civil litigation"); Conn. State Dep't of Social Servs. v. Thompson, 289 F. Supp. 2d 198, 203-207 (D. Conn. 2003) (determining that an hourly rate of $375 per hour for a partner in private practice, in a complex case requiring attorneys with expertise in Medicare law, was "fully consistent with hourly rates charged by comparable attorneys practicing in this District"); Milde v. Hous. Auth. of Greenwich, Civil No. 3:00CV2423 (AVC), 2006 U.S. Dist. LEXIS 92258 (D. Conn. 2006) ($300 per hour for attorney admitted in 1997); Doe v.

Bridgeport Police Dep't, 2006 U.S. Dist. LEXIS 94509, 14-15 (D. Conn. 2006) ($375 per hour for attorneys who were developing expertise in the area of law involved in the lawsuit); Stuart v. Stuart, No. X08 CV 020193031, 2005 WL590433, at *5 (Conn. Super. Feb. 10, 2005) (determining that $350 per hour for an experienced trial lawyer was "reasonable and inline with prevailing market rates in this area"); Kaplan v. Gruder, 2000 WL 767697 (Conn. Super. Ct., May 25, 2000) (finding that a requested fee of $450 and $480 per hour, which were "the rates prevailing in New York City," "are considerably different from the rates here in Connecticut," and, therefore, the attorney was entitled to only $350 per hour). Earlier cases showing older rates include Conn. State Dep't of Soc. Servs. v. Thompson, 242 F. Supp. 2d 127 (D. Conn. 2003) (awarding fees at the rates of $325/hour and $ 375/hour and citing numerous cases in which District of Connecticut judges have concluded that an hourly rate of $250 to $300 was the prevailing market rate of attorneys with a high degree of expertise in their field of law); Tsombanidis v. City of W. Haven, 208 F. Supp. 2d 263, 275 (D. Conn. 2002) (awarding requested $275 /hr to counsel with 17 years' experience on evidence that rates of $250/hour to $325/hr were the prevailing rates in medium to large firms in Connecticut in 2000 for attorneys with comparable experience); Wallace v. Fox, Civil No. 3:96CV772 (D. Conn. May 11, 1998) (awarding blended rate of $345.57 per hour inclusive of a 1.5 multiplier to several counsel and paralegals in shareholder derivative action); CG v. New Haven Bd. of Education, 988 F. Supp. 60, 69 (D. Conn. 1997) ($250/hr); Mrs. B. v. Milford Bd. of Educ., Civil No. 3:93CV1723 (DJS) (TPS) (D. Conn. Nov. 4, 1997) ($250/hr consistent with prevailing rate in

Connecticut);  <u>Russo v. Coppola</u>, Civil No. 3:93CV1734 (AHN) (D. Conn. Feb. 6,

1995) ($250/hr); <u>Kintz v. City of New Haven</u>, 1993 WL 276945 at *3 (D.  Conn. June

18, 1993) ($250/hr), aff'd 29 F.3d 622  (2d Cir.  1994); <u>Friends of Animals, Inc. v.</u>

<u>Hirsch</u>, Civil  No. 3:90CV621  (WWE)  (D.  Conn.  Jan.  20,  1993)  ($250/hr);

<u>Gonzalez  v. Town of Stratford</u>, 830 F. Supp. 111,  113  (D. Conn. 1992) ($250/hr).

13. Published hourly  billing  rates  of  Connecticut   private counsel  with

which  I am familiar are:

**First quarter of 1995:**
John Droney        law degree 1973    litigation        over 300

**Third Quarter of 1997:**
Richard Beider     law degree 1965    litigation            350

**Third quarter of 1999**
Hon. Stefan R. Underhill  14 years' practice            340

**2005**
Bernard Kennedy          admitted   1985            300
Burton Cohen             law degree 1984            350

**2006**
Antonio Ponvert III law degree 1990                350

**2008**
David Shaw           admitted 1973                400

The  foregoing is true and correct and is signed under  the penalties of perjury on

September 22, 2010


          __/s/ Joanne S. Faulkner___
          JOANNE S. FAULKNER

**Certificate of Service**

**I hereby certify that on September 22, 2010, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.**

**\_\_\_\_/s/ Joanne S. Faulkner\_\_\_**
**JOANNE S. FAULKNER ct04137**

**Menard v Morris**

| Date | Description | Hours | Rate | Total |
|---|---|---|---|---|
| 07/21/09 | conf client | 1.00 | $350.00 | $350.00 |
| 07/21/09 | analyze state court pleadings & | 1.25 | $437.50 | $787.50 |
| 07/21/09 | Draft complaint, cover, summons | 0.60 | $210.00 | $997.50 |
| 07/27/09 | rule 4 service | 0.50 | $175.00 | $1,172.50 |
| 08/06/09 | amend complaint, offer settle | 0.75 | $262.50 | $1,435.00 |
| 08/31/09 | draft 26f | 0.25 | $87.50 | $1,522.50 |
| 08/12/09 | draft discovery | 0.50 | $175.00 | $1,697.50 |
| 09/19/09 | finish discovery | 0.25 | $87.50 | $1,785.00 |
| 10/07/09 | work on 26f | 0.2 | $70.00 | $1,855.00 |
| 12/03/09 | Motion to compel | 1 | $350.00 | $2,205.00 |
| 12/07/09 | revise M.Compel, do M/strike def | 0.75 | $262.50 | $2,467.50 |
| 01/04/10 | Reply m/Comepl | 1 | $350.00 | $2,817.50 |
| 02/12/10 | Motion to compel | 2.5 | $875.00 | $3,692.50 |
| 01/04/10 | 3d request discovery | 0.25 | $87.50 | $3,780.00 |
| 03/02/10 | begin response to disc + | 2.5 | $875.00 | $4,655.00 |
| 03/12/10 | finish discovery | 0.5 | $175.00 | $4,830.00 |
| 03/17/10 | offer setl | 0.1 | $35.00 | $4,865.00 |
| 04/07/10 | Aff for sum jdg | 0.5 | $175.00 | $5,040.00 |
| 04/09/10 | Motion for sum jdg | 0.5 | $175.00 | $5,215.00 |
| 04/09/10 | add dmg part to brf | 0.5 | $175.00 | $5,390.00 |
| 04/26/10 | check court files for additional It | 0.5 | $175.00 | $5,565.00 |
| 04/30/10 | opp ext | 1.75 | $612.50 | $6,177.50 |
| 04/30/10 | rule 56a1 ++ | 3 | $1,050.00 | $7,227.50 |
| 04/30/10 | revise sum jdg motion | 2 | $700.00 | $7,927.50 |
| 05/14/10 | offer setl $1001,fees, costs | 0.1 | $35.00 | $7,962.50 |
| 05/20/10 | offer setl $1001 + 7,500 fees/ $35 | 0.4 | $140.00 | $8,102.50 |
| 05/22/10 | M Strike Aff | 0.75 | $262.50 | $8,365.00 |
| 05/22/10 | Rply sum jdg | 0.75 | $262.50 | $8,627.50 |
| 08/20/10 | agree to setl $1001 plus fee/cost | 0.1 | $35.00 | $8,662.50 |
| 08/23/10 | review fee records, billing judg | 1 | $350.00 | $9,012.50 |

| 09/21/10 | draft fee app & motion | 1.5 | $525.00 | $9,537.50 |
| 09/21/10 | EST time for reply | 1 | $350.00 | $9,887.50 |